```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :    CRIMINAL ACTION
                               :
     v.                        :
                               :
CHI CUONG HOANG                :    NO. 07-662-05
```

MEMORANDUM

McLaughlin, J.                                         July 14, 2009

A jury convicted Chi Cuong Hoang on February 27, 2009, of conspiracy to distribute a substance containing methamphetamine (ecstacy, or "MDMA") and of aiding and abetting the maintenance of a drug storage and distribution facility. On March 2, 2009, Mr. Hoang filed a motion for a judgment of acquittal and a new trial in which he argued three points: 1) the evidence at trial was insufficient to sustain the verdict; 2) the Court erred in denying a motion to suppress wiretap evidence; and 3) the Court erred in denying a motion in limine to exclude the voice identification of the defendant. On May 27, 2009, Mr. Hoang filed a supplemental motion for acquittal and a new trial, arguing that the Court committed plain error in "neglecting to properly charge the jury on the elements of conspiracy to distribute and possession with intent to distribute MDMA." Suppl. Mot. at 1.

As to the defendant's motion for judgment of acquittal and for a new trial, the evidence at trial was sufficient to sustain the verdict. Mr. Hoang was overheard in a variety of

telephone calls that the jury could have understood as discussions of drugs and drug related events.  The jury also watched corroborating video surveillance and listened to the testimony of the government's corroborating witnesses.  Nor has the defendant made any new arguments relating to his motion to suppress wiretap evidence or his motion in limine to exclude the voice identification of the defendant.  The Court incorporates its earlier decisions on those two motions herein.  For these reasons, the Court will deny the defendant's motion for judgment of acquittal and for a new trial.

      The defendant's supplemental motion focuses on the Court's instructions with respect to the definition of "distribution of MDMA" and "possession with intent to distribute MDMA."  The defendant argues that a review of the jury charge on the offense of conspiracy reveals that the Court charged the jury only on the agreement element of conspiracy, but not on the elements of distribution or possession with intent to distribute, at least with respect to MDMA.  The defendant states that the Court did charge the jury on the offense of possession with intent to distribute marijuana and aiding and abetting the possession with intent to distribute marijuana, but he argues that this charge did not apply to the charges concerning the defendant and MDMA.  "Although the Court defined these elements in the context of the substantive offense of possession with

intent to distribute marijuana, the jury could not be expected to assume that these elements likewise applied to a conspiracy to distribute and posses with intent to distribute MDMA." Id. at 7.

I.    The Court's Instructions

The Court charged the jury with the following instructions regarding the charge of conspiracy and of distributing or possessing with intent to distribute controlled substances:

> The government has charged four defendants, Chi Cuong Hoang, Ha Ngo, Sy Do and Nam Ly, with six charges.  Each defendant is charged with conspiracy.  Chi Cuong Hoang is charged with using and maintaining a residence for the purpose of distributing MDMA. . . .
>
> The government charges that from on or about a date unknown, but beginning at least as early as on or about January 18, 2007, to on or about September 26, 2007, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, Chi Cuong Hoang agreed or conspired with one or more other persons to knowingly and intentionally distribute and possess with the intent to distribute MDMA and a mixture and substance containing a detectable amount of methamphetamine. . . .
>
> It is a federal offense for two or more persons to conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.  In order for you to find a defendant guilty of conspiracy, you must find that the government proved beyond a reasonable doubt each of the following two elements:  First, that two or more people agreed to distribute and to possess with the intent to distribute

> MDMA and methamphetamine, or marijuana; and, second, that the defendant joined the agreement or conspiracy knowing of its objectives to distribute and to possess with the intent to distribute MDMA and methamphetamine, or marijuana. . . .
>
> The government must prove that at least two people knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would, one, distribute and possess with the intent to distribute MDMA and a mixture or substance containing a detectible amount of methamphetamine, in the case of Mr. Chi Cuong Hoang.

N/T 2/24/09 at 206-08.

    The Court then proceeded to charge the jury with a definition of conspiracy.  Following that instruction, the Court turned to the charge of possession with the intent to distribute marijuana with which certain of Mr. Hoang's co-defendants were charged.  In that context the Court provided the elements of the offense of possession with intent to distribute:

> First, that on or about September 25, 2007, the defendant you are considering possessed a mixture or substance containing a controlled substance.  Second, that the defendant you are considering possessed the controlled substance knowingly or intentionally.  Third, that the defendant you are considering intended to distribute the controlled substance.  And, fourth, that the controlled substance was marijuana. . . .
>
> The Government does not have to prove that the defendant you are considering physically held the controlled substance.  That is, had actual, possession of it.  As long as the controlled substance was within the control of the defendant you are considering, he possessed it. . . .

> What does the word distribute mean, in this legal context?  Distribute, as used in the offenses charged, means deliver or transfer possession or control of a controlled substance from one person to another.  Distribute includes the sale of a controlled substance by one person to another, but does not require a sale.  Distribute also includes a delivery or a transfer without any financial compensation, such as a gift or trade.
>
> Now' you're instructed that, as a matter or law, marijuana is a controlled substance.  That is, it is a kind of prohibited drug.  It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that Mr. Ha Ngo or Mr. Sy Do possessed with the intent to distribute marijuana.
>
> I'm now going to talk about a definition of knowingly or intentionally.  Which was part of one of the elements that I just referred to.  To act knowingly, as used in the offense charged, means that the defendant you are considering was conscious and aware that he was engaged in the act charged, and knew of the surrounding facts and circumstances that make out the offense.  Knowingly does not require that the defendant you are considering knew that the acts charged and surrounding facts amounted to an offense.
>
> To act intentionally, as used in the offense charged, means to act deliberately and not by accident.  Intentionally does not require that the defendant you are considering intended to violate the law.
>
> The phrase knowingly and intentionally, as used in the offense charged, requires the Government to prove beyond a reasonable doubt that the defendant you are considering knew that what he possessed with intent to distribute was a controlled substance. . . .

Id. at 213-16.

Finally, the verdict form provided to the jury at the conclusion of trial read as follows:

> 1.  On the charge of conspiracy to distribute and possess with the intent to distribute MDMA and methamphetamine, we, the jury, unanimously find Chi Cuong Hoang:
>
> _____Guilty          _____Not Guilty
>
> If you found Chi Cuong Hoang guilty of conspiracy to distribute and possess with the intent to distribute MDMA and methamphetamine, then you must answer Interrogatory 1(a).
>
> Interrogatory 1(a): How much of a substance containing methamphetamine do you unanimously agree was the object of the conspiracy?
>
> _____500 grams or more
>
> _____50 grams or more
>
> _____Some amount less than 50 grams

Jury Verdict Form (Docket No. 299).

The jury answered "guilty" as to the first charge.  It also found that the object of the conspiracy was "500 grams or more" of a substance containing methamphetamine, as stated in the first interrogatory.  Id.

II. <u>Analysis</u>

The defendant did not object to the Court's instructions at trial and so the alleged error is subject to a "plain error" analysis.  Fed. R. Crim. Pro. 52(b); <u>United States</u>

-6-

v. Dobson, 419 F.3d 231, 236 (3d Cir. 2005).  Plain error exists if the Court determines that there was 1) an error, 2) that was "plain," and 3) the error affected substantial rights.  See Id. In this case, the Court finds that, even if the jury charge constituted plain error, any such error did not affect the defendant's substantial rights.

In the instructions, the Court provided the elements for the charge of conspiracy to distribute and possess with intent to distribute MDMA.  Specifically, the Court charged the jury with the four elements of the conspiracy charge against Mr. Hoang, stating that he and at least one other person agreed to "distribute and possess with the intent to distribute MDMA . . . , in the case of Mr. Chi Cuong Hoang."  Id. at 208:16-21. The Court then provided the definitions of "distribute," "possession," and "knowingly and intentionally."  Id. at 213-16.

These instructions applied equally to the charges of distribution and possession with intent to distribute both MDMA and marijuana.  The error that the defendant attributes to the Court's instructions is that the jury was not charged as to the applicability of those instructions and definitions to MDMA.  The defendant is correct that the instructions on the substantive charges of distribution and possession with intent to distribute came in the section of the instructions that discussed marijuana offenses.  However, with one exception, each substantive

instruction was phrased without reference to a particular drug, referring instead to "controlled substances" and "the defendant you are considering." The exception is that the Court specifically charged the jury that "as a matter or law, marijuana is a controlled substance," Id. 215:14-16, but did not include a similar instruction regarding MDMA.

Assuming that this discrepancy is an error and assuming that the error is "plain," the Court finds that the omission could not have affected the substantial rights of the defendant. First, each required element of the charge for conspiracy to distribute or possess with the intent to distribute a controlled substance was charged to the jury, with the single exception of a specific charge that MDMA is a controlled substance. However, because MDMA, as a substance containing methamphetamine, is a controlled substance as a matter of law, the defendant's rights could not be affected so long as the jury actually found that he was a member of a conspiracy to distribute or possess with the intent to distribute MDMA. The Court did instruct the jury that they were obligated to find that Mr. Hoang had trafficked specifically in MDMA. "The government must prove that [at least two people agreed to] distribute and possess with the intent to distribute MDMA and a mixture or substance containing a detectible amount of methamphetamine, in the case of Mr. Chi Cuong Hoang." Id. at 208. Moreover, the verdict form

demonstrates that the jury found that the elements of the conspiracy charge against Mr. Hoang related specifically to "a substance containing methamphetamine."

The instructions as a whole covered the entirety of the charges against Mr. Hoang, and the jury's verdict form removes any doubt that Mr. Hoang was convicted for conspiracy to distribute or possess with the intent to distribute MDMA.  For these reasons, the Court finds that the defendant has failed to carry his burden of demonstrating a reasonable likelihood that the jury instructions prejudiced his substantial rights.  <u>Dobson</u>, 419 F.3d at 240.  The Court has no doubt that the jury based its conviction of Mr. Hoang on the application of its instructions to Mr. Hoang's MDMA-related activities.  The defendant's supplemental motion is denied.

An appropriate order shall follow separately.